IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOSE G. GUTIERREZ,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | ) NO. EP-11-CV-530-RFC<br>) (by consent) |
| CAROLYN W. COLVIN,[1]<br>Acting Commissioner of the Social<br>Security Administration,<br>　　　Defendant. | )<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner), denying his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 423(d), 1382c(a)(3). Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, the Commissioner's decision is **Affirmed**.

**PROCEDURAL HISTORY**

On August 26, 2009, Plaintiff filed his application for DIB due to impairments that he alleges became disabling on September 30, 2008. (R:137)[2] The application was denied initially and on

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

[2] Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])". Reference to the record of administrative proceedings filed in

reconsideration. (R:60-66) Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing to review Plaintiff's application *de novo* on December 1, 2010, at which Plaintiff was represented by an attorney and a vocational expert testified. (R:20-57) The ALJ issued his decision on February 3, 2011, denying benefits on the basis that Plaintiff could perform his past relevant work as a consultant. (R:6-19) Plaintiff's request for review was denied by the Appeals Council on October 13, 2011. (R:1-5)

On December 13, 2011, Plaintiff submitted his complaint along with a motion to proceed *in forma pauperis*. (Doc. 1) The motion was granted and his complaint was filed. (Doc. 4) The Commissioner filed an answer and a certified copy of the transcript of the administrative proceedings on February 16, 2012.[3] (Docs. 13, 14) On April 18, 2012, Plaintiff's brief was filed. (Doc. 19) On May 17, 2012, the Commissioner filed his brief in support of the decision to deny benefits. (Doc. 20)

## ISSUE

Plaintiff presents one issue for review: whether the ALJ erred by failing to properly develop, evaluate, and consider the effect of Plaintiff's mental impairment when determining Plaintiff's RFC. (Doc. 19:2)

---

this case is designated by "(R:[page number(s)])".

[3] Both parties having filed notices of consent to proceed before a Magistrate Judge, this cause was reassigned to this Court on February 16, 2012, by order of United States District Judge Phillip R. Martinez. (Docs. 3, 11, 12)

**DISCUSSION**

*I.   Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## II.   Evaluation Process

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a medically determinable impairment that is severe; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. A person's residual functional capacity ("RFC") is what he can still do despite his limitations or impairments. 20 C.F.R. § 404.1545(a); SSR 96-8p.

An individual applying for benefits bears the initial burden of proving that he is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof on the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

## III.   The ALJ's Hearing Decision

The ALJ found that Plaintiff met the insured status requirements through December 31, 2013, and had not engaged in substantial gainful activity since September 30, 2008, the alleged onset date. (R:11) The ALJ found that Plaintiff had severe impairments consisting of chronic back pain, ventral

hernia, and high blood pressure; the ALJ did not find that such impairments, either alone or in combination, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R:11-12)   The ALJ also noted that Plaintiff had alleged depression and memory loss, but testified that he had never seen a doctor for such conditions; absent medical documentation, the ALJ felt compelled to conclude that they were not severe impairments. (R:11)

> The ALJ found Plaintiff has the RFC:
>
> to perform sedentary work with the following limitations. Claimant can: stand/walk for 2 hours and sit for 6 hours in an 8-hour workday; lift 10 pounds occasionally and he requires an option where he can alternate between sitting and standing at will. Postural limitations are such that claimant can occasionally climb ramps and stairs and can occasionally stoop and crouch. In addition, claimant can frequently balance, kneel, and crawl, but can never climb ladders, ropes or scaffolds. Furthermore, claimant must avoid exposure to hazardous moving machinery and unprotected heights.

(R:12)

The ALJ found that Plaintiff is able to perform his past relevant work as a Consultant. (R:15) The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from September 30, 2008, through the date of the decision. (*Id.*)

## IV.   *Analysis*

Plaintiff contends that the ALJ failed to evaluate and consider the effect of Plaintiff's mental impairment when determining Plaintiff's RFC. (Doc. 19:3) Plaintiff argues that the ALJ implicitly found Plaintiff's depression and memory loss to be medically-determinable impairments and found them to be non-severe without complying with the special technique required by the regulations for evaluating the severity of mental impairments. (Doc. 19:4-5; 20 C.F.R. §404.1520a(c),(e)(2))

Plaintiff contends that the decision must be reversed because the agency violated its own rules. (Doc. 19:5)

Plaintiff also asserts that the ALJ failed to properly develop the record by not obtaining a consultative psychological evaluation. (Doc. 19:6, 7) Plaintiff refers to medical records from 1991 and 1992 regarding Plaintiff's previous complaints of depression. (Doc. 19:6 (citing R:49, 245, 255, 306, 322, 361-62, 451)) Plaintiff argues that such error was not harmless because, had the ALJ properly developed and evaluated Plaintiff's mental impairments, he may have assessed that Plaintiff was not able to work in a high-stress, fast-paced environment or that Plaintiff's fatigue would prevent him from working eight hour days consistently. (Doc. 19:7-8 n. 3) The argument continues that the ALJ would then likely have found that Plaintiff was unable to perform his past relevant work, and would therefore have proceeded to step five where the burden of proof shifts to the commissioner and the ALJ must consider Plaintiff's age, education, and work experience. (Doc. 19:8-9) Plaintiff argues that he would have been found disabled at step five pursuant to grid rule 201.06. (*Id.*)

### A.     The Special Technique for Evaluating Mental Impairments

Plaintiff claims remand is required because the ALJ failed to evaluate Plaintiff's allegations of depression and memory loss using the requisite technique for evaluating the severity of mental impairments. (Doc. 19:5) Plaintiff is correct that the ALJ did not apply all of the steps prescribed in the special technique set out in the regulations for assessing mental impairments. *See* 20 C.F.R. § 404.1520a(b)(2),(d). The first step in the special technique, however, is to determine whether there is a medically-determinable mental impairment. *See* 20 C.F.R. § 404.1520a(b)(1) ("we must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a

medically determinable mental impairment(s)."). An impairment must be established by medical evidence; neither a Plaintiff's description of his symptoms nor an unsupported diagnosis is sufficient to establish an impairment. 20 C.F.R. §§ 404.1508, 404.1528(a).

Plaintiff's argument totters on the faulty premises that the ALJ implicitly found Plaintiff's depression and memory loss to be medically determinable impairments and that such finding need not be supported by substantial evidence. The ALJ stated:

> I am also aware the claimant alleges depression and memory loss. However, he testified he has never seen a doctor for these medical problems. Absent medical documentation of these conditions, I must conclude that they are not severe impairments.

(R:11) Plaintiff interprets "they are not severe impairments" to be synonymous with the statement "they are non-severe impairments." To be a severe impairment, a condition must be both medically determinable and severe, the absence of either criteria would cause a condition to not be a severe impairment. When the ALJ's preceding statement regarding the absence of any medical documentation is viewed in light of the requirements for finding a condition to be a medically determinable impairment, the most logical reading of the ALJ's conclusion is that Plaintiff's conditions were not medically determinable impairments and therefore could not be severe impairments. Thus, the ALJ was not required to rate the degree of functional limitation in accordance with the process set out in the special technique to determine whether the alleged impairments were severe.

Even had the ALJ implicitly found Plaintiff's alleged conditions to be medically determinable impairments, such finding would not be supported by substantial evidence in the record. In June 1991, Plaintiff's doctor noted that he was having difficulty finishing a course he needed for his

7

degree at least in part related to poor concentration secondary to anxiety and depression related both to his injury and the slow workmens' compensation system. (R:361) In December 1991, Plaintiff reported difficulty sleeping and experiencing depression; it was noted that Plaintiff had been seen at the Texas Workforce Commission and that he was to have a psychiatric evaluation; no such evaluation is contained in the record. (R:366) In March 1992, Plaintiff continued to show some depression; his doctor opined that going to a work hardening program and getting back to work would reduce his depressive problems. (R:362) These references to depression predate Plaintiff's disability application by over fifteen years. Plaintiff's more contemporary medical records, from July 2001, and July, October, and November 2009, show that Plaintiff's screening for depression at that time reflected that he was not experiencing depression. (R:255, 283, 289, 466, 473) Consequently, an implicit finding that Plaintiff had a medically determinable mental impairment of depression or memory loss would not be supported by substantial evidence and both that finding and the failure to apply the remaining steps of the special technique would be harmless error.

The Court also notes that the ALJ did consider Plaintiff's allegation of depression and memory loss in his assessment of Plaintiff's RFC; the ALJ repeated that Plaintiff had not seen a doctor for these alleged problems. (R:12) The ALJ also found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements regarding the intensity, persistence, and limiting effects of such symptoms were not credible to the extent they are inconsistent with the RFC assessed. (R:13)

Plaintiff is not entitled to relief on this claim.

**B.     Failure to Develop the Record**

Plaintiff also asserts that the ALJ failed to develop the record by failing to obtain a consultative psychological evaluation. (Doc. 19:6, 7) Although the ALJ has a duty to fully and fairly develop the facts relevant to a claim of disability, *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000), a decision will only be reversed "if the claimant shows (1) that the ALJ failed to fulfill his duty to adequately develop the record, and (2) that the claimant was prejudiced thereby." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). The regulations provide that the ALJ

> will develop evidence regarding the possibility of a medically determinable mental impairment when we have information to suggest that such impairment exists, and [the claimant alleges] . . . symptoms but the medical signs and laboratory findings do not substantiate any physical impairment(s) capable of producing the . . . symptoms.

20 C.F.R. §§ 404.1529(b). Further, an ALJ must only order a consultative evaluation when such an evaluation is necessary to enable the ALJ to make the disability determination. *Brock v. Chater*, 84 F.3d at 728.

The Court notes that it was the ALJ who, after counsel's opening statement, inquired about whether Plaintiff intended to base his disability claim in part on a mental impairment. (R:25) The ALJ had noticed that in a Disability Report- Appeal form, Plaintiff had stated that as of January 1, 2009, he had a new physical or mental limitation as a result of his illnesses, injuries, or conditions: depression and memory loss. (R:25, 201) That same form states that Plaintiff did not allege having any new illnesses, injuries, or conditions since he last completed a disability report. (R:201) Plaintiff's attorney responded that there was no diagnosis of depression or memory loss, and that the depression and memory loss referred only to how Plaintiff felt about his condition, the emotional toll it was taking on him. (R:25) Plaintiff testified that he had gained weight because he eats more when he is depressed and that he was not sure whether his memory loss was due to his age or medication.

(R:45-46, 48)  The ALJ asked whether Plaintiff had seen any doctors for either memory loss or depression—he had not— and established that although Plaintiff said he did not know where to go for such treatment, he in fact did know that the VA, where Plaintiff obtains other medical treatment, offers psychological treatment.  (R:48-49)  The ALJ asked him about prior screening for Post Traumatic Stress Disorder, which Plaintiff did not recall.  (*Id.*)

Additionally, Plaintiff was represented by an attorney, who at no time requested that Plaintiff undergo a consultative psychological evaluation to develop the issue of Plaintiff's allegations of depression or memory loss as medically-determinable impairments or suggested that such evaluation was necessary to the determination of Plaintiff's disability claim.  Thus, Plaintiff has failed to demonstrate that the ALJ failed to fulfill his duty to adequately develop the record.

Moreover, Plaintiff has failed to demonstrate that Plaintiff was prejudiced by the absence of a psychological evaluation.   Plaintiff has not demonstrated that the results of such evaluation, had one been obtained, would have been likely to affect the ultimate disability determination.  Although Plaintiff cites to his medical records from 1991 and 1992, his more contemporary medical records from 2001 and 2009 indicate that Plaintiff was screened for depression and reported having no problems. (Doc. 19:5-6; R:245, 255, 322, 361-62, 451)

Plaintiff is not entitled to relief on this claim.

## CONCLUSION

For the reasons set forth above, the Court concludes that the ALJ's findings are not the result of legal error and are supported by substantial evidence. The Commissioner's decision is, therefore, **AFFIRMED**.

**SIGNED and ENTERED on May 17, 2013.**

_____
**ROBERT F. CASTANEDA**
**UNITED STATES MAGISTRATE JUDGE**